**HARGER, d. b. a. SING SENSATION CLUB, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5694. Decided October 28, 1957.

Robert W. Penn, Simmons, Simmons & Penn, Toledo, for appellant.
William Saxbe, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., Columbus, for appellees.

(HORNBECK, J, of the Second District, sitting by assignment in the Tenth District.)

## OPINION

By THE COURT.

Appellant moves for a rehearing for the reason that in affirming the judgment upon the written opinion of the trial judge and finding that the decisive question was the weight of the evidence, we did not consider the principal error assigned and argued. This, it is said, "was a point of law applied by the lower court as to the imputing of knowledge of an agent to the permit holder."

It is no longer an open question, in this court, that knowledge of the permit holder of the acts of his employe may, if the circumstances warrant, be imputed to him. The cases from this jurisdiction cited and commented upon by counsel for both parties so hold.

This imputed knowledge is not absolute and must be evaluated in the light of all of the evidence. This was the situation presented to the trial judge on the record. There is little or no dispute of the solicitation on the permit premises of, and for, the prostitute by the employe, who was acting as bartender of the permittee. This solicitation took

26

place while the wife of the permittee was in charge of the permit premises and also acting as a bartender. The only dispute of consequence is the knowledge of the permittee of the solicitation. There was testimony from which the trial judge could have found that he had no such knowledge. The facts presented required an evaluation of the evidence in connection with the well-recognized principle of law heretofore stated.

There is no showing that the trial judge did not understand or misinterpreted the applicable and controlling principle of law involved. We are of the opinion that our former decision met the one decisive issue raised and urged on the appeal, viz., the weight of the evidence on the controverted issue of knowledge.

PETREE, PJ, MILLER and HORNBECK, JJ, concur.